[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FURTHER MEMORANDUM OF DECISION
Under date of January 6, 1997, this court rendered its Memorandum of Decision ordering the temporary injunction heretofore ordered by Judge Moran of this court be made permanent. The defendants were further ordered to restore the portions of the steps which they removed; were permanently enjoined from engaging in any activities which would interfere with the plaintiffs right to use the drive, steps and park cars in the area just south of the stairs. The parties were further ordered to prepare an easement in recordable form identifying the area of use and access on defendants' property.
On March 17, 1997, a further hearing was held addressing the issues of the easement to be recorded and the plaintiffs' claims for damages. At said hearing the parties presented the form of easement to be recorded and the same was approved by this court.
On February 20, 1997, the plaintiff sought permission to amend his complaint by adding to paragraph 8 "and a parking area alongside the northerly side of said drive and adjacent to plaintiffs' property." The amended complaint also added paragraph 22, alleging the defendant Stanton Johnson's behavior to be "intentional, wanton and outrageous" and sought punitive damages for such.
The plaintiff's request to amend their complaint to conform to the proof is hereby granted.
In the interim, on January 27, 1996, (the court assumes the defendants meant 1997) filed a motion to reargue, which the court hereby denies.
With respect to the issue of damages, plaintiffs' counsel has filed an exhaustive affidavit outlining the plaintiffs' claims for reimbursement of counsel fees paid to counsel in the preparation and trial of this matter. Counsel for the plaintiffs submitted his bill for services in the amount of CT Page 2734 $4,479.00, of which $406.25 was paid by the defendant Stanton Johnson, per order of Judge Moran after the hearing on the temporary injunction. The plaintiffs have paid counsel the difference of $4,072.75.
The court finds that a reasonable fee for the services of counsel for the plaintiffs is $2,000 and orders such amount be paid by the defendants on or before June 1, 1997 together with costs of $481.78. It is further ordered that the defendants pay for the reasonable cost of repairing the step and landing on or before said date of June 1, 1997. Any further claims for damages which might be claimed for mental anguish and distress are denied.
BELINKIE, JUDGE TRIAL REFEREE